UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN ROGERS | No. 16 CR 575<br><br>Judge Thomas M. Durkin |

**GOVERNMENT'S SUPLEMENTAL SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits this Supplemental Sentencing Memorandum with respect to defendant John Rogers in the above-captioned matter.

**I.   Introduction and Background**

On November 7, 2017, the government filed its Sentencing Memorandum that included a detailed description of the offense conduct and an analysis of the relevant sentencing factors in this case. R. 26. The description and analysis contained in the memorandum are incorporated herein. Subsequent to the filing of the government's memorandum, the Court held a lengthy bond revocation hearing on November 20, 2017, and the Probation Office filed a Supplement to the Presentence Report on November 21, 2017.

At the November 20 hearing, FBI Special Agent Brian Brusokas testified and the government presented numerous pieces of evidence and documents establishing that Rogers continued to commit fraud after being charged in this case and after he

entered his guilty plea in this case. The evidence established that while on bond, he worked with two other individuals to commit more of the same illegal conduct that he had done in the past—defrauding sports memorabilia customers.

Some of these new victims (Individual AS and Individual JR) are the same victims he defrauded as part of his underlying fraud scheme. While these victims knew Rogers had been charged in the Northern District of Illinois for defrauding them prior to 2014, they were not aware that he orchestrated their 2017 purchases of phony trophies that he created while on bond. That's because rather than lying directly to their faces as Rogers had done in the past, this time he used a co-scheming proxy to handle his dirty work and deceive them without their knowledge he was involved. This new wave of his fraudulent activity involved phony trophies, footballs, basketballs, and even a fake Mickey Mantle silverware set that Rogers and his co-schemers sold to victims as authentic in exchange for thousands of dollars.

As noted in the defendant's memorandum (R. 32), Rogers falsely denied any knowledge of this fraudulent activity during a conference with the government, and remained unwilling to admit his role in the fraud at the November 20 bond hearing. Following the hearing, the Court found probable cause to believe Rogers committed criminal conduct while on pre-trial release and detained him pending sentencing.

## II.  Sentencing Guidelines and Non-Acceptance of Responsibility

The Probation Office filed a Supplemental Report on November 21, 2017, with a revised Guideline calculation. The report notes that based on the new criminal

conduct, Rogers is not eligible for a reduction for acceptance of responsibility and his total offense level is 39 (rather than the 36 contained in the original PSR). The Probation Officer's Supplemental Report notes that Application Note 1(B) to USSG § 3E1.1 states that a defendant who does not voluntarily terminate or withdraw from criminal conduct or associations will not be eligible for a reduction for acceptance of responsibility.

The probation officer has correctly determined that based on the new information it is evident that Rogers' criminal conduct has not ceased. Therefore, a downward adjustment for acceptance of responsibility is no longer applicable. USSG §§3E1.1 (a) and (b). The total offense level of 39 establishes an advisory Guideline range that is greater than the statutory maximum, therefore the advisory sentence recommended by the Sentencing Commission is 240 months.

### III. A Sentence to a Term of 161 Months' Imprisonment is the Appropriate Sentence Under the Section 3553(a) Factors

In the government's original sentencing memorandum the government included its analysis of the relevant factors under 18 U.S.C §3553(a), which the Court must consider in imposing sentence in this case. The government will not repeat the points it made in the memorandum, but incorporates the analysis here. It recognized Rogers' assistance to the government back in 2014, his lack of a criminal history, and the fact that much of the money he obtained through his fraud scheme was use to keep his businesses running. Balancing those factors with those in 18 U.S.C §3553(a), including the offense conduct, the history and characteristics of the defendant, the

3

need for deterrence, and the need to promote respect for the law, the government believes that a substantial period of custody should be imposed by the Court. A sentence of 161 months' is sufficient but not greater than necessary to address and achieve the goals of 18 U.S.C §3553(a).

This sentence is substantial but takes into account the Ponzi scheme the defendant ran for years, the victims he defrauded, and the serious financial damage he inflicted on those victims. It also takes into account his new criminal conduct—the extent and scope of which was presented in detail to the Court at the November 20 hearing—and the significant increase in the Guideline range resulting from this new conduct. The defendant's conduct in this case is serious, and his inability to accept responsibility for his actions and continue to commit more crimes while on bond speak volumes as to his disrespect for his victims and the rule of law. A sentence of 161 months' provides just punishment for the criminal conduct committed by this defendant.

**IV.    Restitution**

Since the government submitted its latest version of the offense to the Court, it has received an updated loss amount from Individual RF. The government has provided the detailed accounting of this loss amount to the defendant. The updated total provided by Individual RF is $1,289,750. As a result, the total amount of restitution owed by the defendant to the victims in this case is $23,552,370.

## V. Conclusion

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 161 months' imprisonment, $23,552,370 in restitution, and a $100 special assessment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Derek Owens*
DEREK OWENS
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604